

**FILED**

**APRIL 16, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

APR 7 2009 aew
Apr 7. 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LAWrENCE BONd

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

PAriMEdick BroWN

C.O. MS. YOun9

C.O. MC. TANK

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 09 C 1470 - Jud9E - WAYnE ANdErsE
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**                    **AMENDED COMPLAINT**

√         **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
          **U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
          **28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

A.   Name: LAWRENCE   BOND

B.   List all aliases: _____

C.   Prisoner identification number: B10285

D.   Place of present confinement: JACKSONVILLE   C. C.

E.   Address: 2268 E. MORTON-AVE   JACKSONVILLE, Il.62650

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: PArimEdick   Brown

Title: PArimEdick

Place of Employment: Cook CounTy JAil

B.   Defendant: C. O. MS. Young

Title: C. O.

Place of Employment: Cook CounTy JAil

C.   Defendant: C. O. Mr. TANK

Title: C.O.

Place of Employment: Cook CounTy JAil

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: P.O. D. rEEd   O9C1469

B. Approximate date of filing lawsuit: MArCH-9-2009

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: LAwrEncE Bond

D. List all defendants: P.O. O. REEd

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NOrtHErn DiStricT OF Il

F. Name of judge to whom case was assigned: JUdgE gEttlE-MAn

G. Basic claim made: CiVil rigHtS VOli+iOn

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): i+iS Still Pending

I. Approximate date of disposition: MArCH-9-2009

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

IV.   **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

WHEn I entered THE Cook county JAil on NOV-7-08 I HAd SticHES in my Arm I Told PArimEdick Brown THE sticHES nEEdEd TO comE ouT on NOV 14-08 THiS WAS in Div 11 -AJ - EvEry dAy AftEr THAT I ToID CO. MS. YOung I HAd SticHES THAt nEEdEd TO ComE ouT SHE Work'S 1ST SHift in Div 11 AJ And On 2nd SHift I ToId C.O. TAnk AbouT THE SticHES HE AISO did noTHing TO HEIP mE TO 9Et mEdicAI AttiOn sO AftEr A monTH THE finIY cAlled mE to TAKE THE SticHES ouT By THEn THEY HAd tO cuT THEm ouT OF mY SKin THiS IEFt mE WitH AIoT OF PAin I HAVE 3 WitnEss

Revised 9/2007

CArlos DiAZ WAS THiEr WitH mE Edward gonziles And JOVOniE lopEZ All WAS THiEr And CAn SAY THAT I TOlD THE 3 denFEndAnTS ABouT MY STiCHes

Revised 9/2007

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I WOULd likE THE dEFENdANTS TO
PAY FOr MY HOSiPATiL biIIS And PAY ME
FOr MY PAiN ANd SuFFiNg.

VI.    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this   31   day of MArCH , 20 09

*Lawrence Bond*
(Signature of plaintiff or plaintiffs)

LAWrEnCE Bond
(Print name)

B10285
(I.D. Number)

JACKSonVillE C. C. 2268
E. morTON, AVE JACKSonVillE
(Address)  Il. 62650

Revised 9/2007



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W.  DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

March 9, 2009

Lawrence Bond
B-10285
2268 East Morton Avenue
Jacksonville, IL   62650

Dear Mr. Bond:

We hereby inform you that your petition for leave to file and proceed in forma pauperis in the cause entitled:

**LAWRENCE BOND -vs- CERMAK HEALTH SERVICE, et al.**

has been assigned case number:    **09 C  1470**

and to:    **JUDGE ANDERSEN**

who will rule on your petition.    **MAGISTRATE JUDGE COX**

is the designated magistrate for your case.

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an <u>original</u> document, a <u>copy for the judge</u> and **<u>one additional copy</u>** of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.

Sincerely,

Prisoner Correspondent



Order Form (01/2005)

## United States District Court, Northern District of Illnois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1470 | **DATE** | MARCH 20, 2009 |
| **CASE TITLE** | Lawrence Bond (#B-10285) vs. Cermak Health Service, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Jacksonville Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

W, - Cu

■ [For further details see text below.]                                         Docketing to mail notices.

### STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, employees of the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that stitches were not removed from his arm in a timely manner, resulting in unnecessary pain.

The plaintiff is granted leave to proceed *in forma pauperis*. Because the plaintiff has a zero balance in his inmate trust account and has received no money in the period preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account until the full filing fee is paid. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

**(CONTINUED)**

mjm

## STATEMENT  (continued)

However, the plaintiff must submit an amended complaint, as the document on file does not name a proper defendant. Cermak Health Services is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room,* 990 F.2d 304 (7th Cir. 1993). Nor can the Cook County Sheriff or the Cook County Board President be sued under the facts alleged. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). The plaintiff must name as defendants those individuals directly responsible for the alleged denial of needed medical care.

The plaintiff is advised to perform some basic legal research prior to drafting his amended complaint. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Inattention only to serious injury or signs of serious injury amounts to a constitutional violation actionable under 42 U.S.C. § 1983. *Henderson v. Sheahan,* 196 F.3d 839, 844 (7th Cir. 1999). The court questions whether a need to have stitches removes amounts to a "serious" medical need for purposes of constitutional analysis.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. Assuming that the plaintiff wishes to pursue this civil rights action, he is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should name as defendants those individuals who were directly, personally responsible for the alleged denial of medical care (that is, any correctional officers who denied the plaintiff access to the health care unit and/or any health care providers to whom the plaintiff complained about the need to have his stitches removed but who ignored his concerns).

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue this matter in federal court.